Mary B. Reiten, Esq. (State Bar No. 203412)
Email: mreiten@tousley.com
TOUSLEY BRAIN STEPHENS, PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Telephone: (206) 682-5600
Facsimile: (206) 682-2992

Christopher Grivakes, Esq. (State Bar No. 127994)
Email: cg@ikdlaw.com
Jerry Smilowitz, Esq. (State Bar No. 67582)
Email: js@ikdlaw.com
IVES, KIRWAN & DIBBLE, APC
660 S. Figueroa Street, Suite 1990
Los Angeles, California 90017
Telephone: (213) 627-0113
Facsimile: (213) 627-1545

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
(WESTERN DIVISION – LOS ANGELES)

| | |
|---|---|
| MICHAEL HUGHES, a California resident, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., a national association,<br><br>Defendant. | Case No. CV10-00239-JHN(MANx)<br><br>CLASS ACTION<br><br>COMPLAINT FOR DAMAGES, PUNITIVE DAMAGES, RESTITUTION, INJUNCTION, AND OTHER EQUITABLE RELIEF<br><br>DEMAND FOR JURY TRIAL |

FILED 2010 JAN 13 PM 1:24

Plaintiff Michael Hughes, on behalf of himself and all others similarly situated, hereby demands a jury trial, and alleges as follows:

## I. PARTIES

1. Plaintiff Michael Hughes ("Hughes") is a natural person residing in the County of Los Angeles within the Central District of California.

2. Upon information and belief, plaintiff alleges that Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a national association incorporated in Delaware and chartered in South Dakota, with its principal place of business in San Francisco, California. Wells Fargo maintains various offices and does substantial and continuous business in the Central District of California, including the County of Los Angeles, California, and throughout the United States.

## II. JURISDICTION AND VENUE

3. This is a class action.

4. Members of the proposed class are drawn from all 50 states, the majority of which differ from Wells Fargo's state of residence. Pursuant to 28 U.S.C. § 1332(c)(1), Wells Fargo, by reason of its principal place of business, is a citizen of the State of California.

5. This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. §1332(d). Upon information and belief, plaintiff alleges that this is a putative class action whereby: (A) the proposed class consists of over 100 or more members; (B) diversity of citizenship exists between some members of the proposed class and Wells Fargo; and (C) the claims of the proposed class exceed $5,000,000 in the aggregate, exclusive of interest and costs. As such, jurisdiction is proper in this district.

6. Pursuant to 28 U.S.C. §1391(a)(2) and (c), venue is also proper within this district. A substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this district. Further, defendant, a corporation, is a resident of this district as its contacts within this district are sufficient to subject it to personal

jurisdiction. Defendant maintains numerous branch offices in this district and actively and continuously promotes the acquisition of its products and services to citizens who reside within this district, including plaintiff.

### III.   FACTUAL ALLEGATIONS

7. Wells Fargo is a financial services company that sells, among other things, banking and consumer finance services. Wells Fargo operates throughout the United States, including in this district.

8. Wells Fargo offers a variety of deposit, savings, investment, retirement and brokerage accounts to members of the public. It also offers, separately and apart from these products, various services through its Portfolio Management Account package ("PMA Package") and Advantage Checking Accounts ("Advantage Account"). Wells Fargo advertises its PMA Packages and Advantage Accounts on its website, through its branch offices and, upon information and belief, elsewhere.

9. Wells Fargo advertises that if a customer amalgamates qualified accounts under its PMA Package and/or Advantage Account, Wells Fargo will provide that customer with a single monthly statement showing activity on all linked accounts. Further, Wells Fargo also advertises that it will not impose monthly service fees on qualified linked accounts provided that the customer maintains a minimum aggregate balance in the linked accounts. In this way, Wells Fargo lowers its costs in the production and mailing or other dissemination of numerous statements and obtains more capital for investment purposes. The customer benefits through the waiver of linked account fees and the ability to review all account activity in a single statement.

10. To ensure that this service operates smoothly, Wells Fargo further advertises that it will continuously monitor account activity within PMA Packages and Advantage Accounts to determine that minimum aggregate balances are being maintained, and if so, that monthly service fees are not being imposed.

11. **PMA Packages**. Wells Fargo advertises that it will waive monthly service fees and other specified fees and charges on select linked accounts. Qualifying accounts

that may be linked to the PMA Package include a variety of designated checking, savings, time, investment, retirement brokerage, and brokerage accounts, as well as fixed and variable annuities, loans, lines of credit, mortgages, and credit card accounts. One of the accounts that may be linked in a PMA package is the Advantage Account. Wells Fargo advertises that so long as a customer maintains a minimum balance--currently $25,000--in any PMA Prime Checking account or any combination of linked qualifying accounts, as determined on the date of the statement if processed during the month or the third business day after the processing of the statement if processed at month's end, Wells Fargo will waive the $25 monthly service charge on the PMA Prime Checking account and all linked qualifying accounts.

12. **Advantage Checking Accounts**. Separate and apart from its PMA Packages, Wells Fargo also advertises that it will waive monthly service fees and other fees and charges on Advantage Accounts and other linked qualifying accounts. As with the PMA Package, qualifying accounts which may be linked to an Advantage Account for determining the required aggregate balance include a variety of designated checking, savings, time, investment, retirement brokerage, and brokerage accounts, as well as fixed and variable annuities, loans, lines of credit, mortgages, and credit card accounts. So long as a customer maintains a minimum balance—currently $5,000--in any Advantage Account or any combination of linked qualifying accounts, as determined on the date of the statement if processed during the month or the third business day after the processing of the statement if processed at month's end, Wells Fargo will waive the monthly service charge and other specified fees and charges on Advantage Accounts.

13. **Hughes' Experience and Claims**. Hughes has maintained his accounts at Wells Fargo since at least 1997. His PMA Package was created in 2003.

14. At this time Hughes has eleven linked accounts with Wells Fargo including (1) four checking accounts; (2) an investment account; (3) a savings account; (4) three brokerage accounts; (5) a certificate of deposit account; and (6) a mortgage.

15. At the time his PMA Package was established in 2003, Hughes was told by Wells Fargo representatives that Wells Fargo would automatically link his other accounts to his Advantage Account and his PMA Package.–

16. A statement Hughes received within the last few years reassured him that Wells Fargo had automatically linked his customer's accounts. Over time, many deposit, investment, retirement, and brokerage accounts, and a home equity line of credit were brought into plaintiff's PMA package, including his Advantage Accounts.

17. At all times since creation of his PMA Package, Plaintiff maintained at least $25,000 in qualifying accounts within his PMA Package, and $5,000 in his Advantage Account and linked accounts.

18. Despite plaintiff's maintenance of the required minimum monthly balance as agreed, Wells Fargo has imposed numerous unexplained monthly service charges on Hughes' PMA Package and Advantage Account.

19. From April 2005 to present, Wells Fargo periodically charged Hughes a $12 monthly fee on his PMA Package and Advantage Account.

20. Hughes repeatedly contacted representatives of Wells Fargo, including branch managers, to complain about these charges. Wells Fargo representatives consistently assured him that these charges were in error. However, the charges kept appearing. Occasionally, credits appeared for these incorrect charges, but then the charges would reappear on subsequent months' statements.

21. Hughes has consistently urged Wells Fargo to investigate, correct, and rectify the imposition of these charges for himself and other customers affected by these violations of the service agreement. Nonetheless, the charges continue to appear on Hughes' monthly statements.

22. In a class action settled in 2008, *Cole v. Wells Fargo* (C07-0916 RSL), filed in the United States District Court for the Western District of Washington at Seattle, the class alleged that Wells Fargo improperly imposed monthly service charges on a line of credit contained in PMA Packages.

23. Despite having litigated essentially the same issue just over a year ago, Wells Fargo's practice of improperly charging fees it agreed to waive now includes accounts other than the line of credit.

24. Wells Fargo has retained numerous fees wrongfully charged to Hughes.

25. Upon information and belief, plaintiff alleges that Wells Fargo has engaged in substantially the same course of conduct with numerous other customers throughout this district and the fifty United States.

## IV. CLASS ACTION ALLEGATIONS

26. **Class Definition:** Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this action on behalf of himself and two plaintiff classes initially defined as follows:

    A. **Nationwide Class:**

    **PMA Package Holders**: (i) All persons and non-commercial, non-business entities in the United States who, at any time from December 2005 through the present, (i) maintained a PMA Package with Wells Fargo, and (ii) were charged a fee at a time when the minimum balance of their PMA Package equaled or exceeded the required minimum balance.

    B. **Nationwide Class:**

    **Advantage Account Holders:** (i) All persons and non-commercial, non-business entities in the United States who, at any time from December 2005 through the present, (i) maintained an Advantage Checking account with Wells Fargo, and (ii) were charged a fee at a time when the minimum balance in their Advantage Account or any combination of linked qualifying accounts equaled or exceeded the required minimum balance.

Excluded from both of these proposed classes are Wells Fargo, its subsidiaries, affiliates, successors or assignees, any entity in which Wells Fargo has a controlling interest or which has a controlling interest in Wells Fargo, and all officers and directors of these entities. Also excluded are the immediate family members of the above described persons, as well as the judge to whom this case is assigned and any member of that judge's immediate family.

27. **Numerosity of the Class—F.R.C.P 23(a)(1)**. Class members are so numerous that individual joinder herein is impracticable. Hughes estimates that the members of each Class number in the thousands or tens of thousands. The precise number of Class members and their addresses are unknown to Plaintiff but may be obtained from Wells Fargo's records.

28. **Existence and predominance of common questions of fact and law— F.R.C.P.(a)(2) and (b)(3)**. Common questions of law and fact exist as to all members in both proposed classes. These questions predominate over the questions affecting only individual Class members, and include:

(a) Whether Wells Fargo engaged in a common course of conduct of improperly charging customer service fees after uniformly advertising, representing to and agreeing that qualifying customers would not be charged such a fee.

(b) Whether Wells Fargo acted intentionally.

(c) Whether Wells Fargo's practices, as alleged herein, have deceived a substantial portion of the public.

(d) Whether Wells Fargo's practices, as alleged herein, are likely to deceive a substantial portion of the public.

(e) Whether Wells Fargo's practice of failing and refusing to reimburse improper fees constitutes a common course of conduct towards the class.

(f) Whether Wells Fargo has been unjustly enriched as a result of its conduct as alleged herein.

29. **Typicality—F.R.C.P. 23(a)(3)**. Hughes' claims are typical of the claims of the Classes because, as with all other Class members, Hughes was improperly charged service fees by Wells Fargo even though Wells Fargo represented to and agreed with Hughes that it would not charge such service fees.

30. **Adequacy—F.R.C.P. 23(a)(4)**. Hughes is an adequate representative of both Classes because his interests do not conflict with those of the Classes, and he has retained counsel experienced and competent in consumer class actions and other complex consumer litigation. The interests of the Class members will be fairly and adequately protected by Hughes and his counsel.

31. **Superiority—F.R.C.P. 23(b)(3)**. A class action is superior to other available means for the fair and efficient adjudication of the claims of the members of both Classes (hereafter, "Class members"). The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that individual litigation of the claims of Class members against Defendant would entail. It would thus be virtually impossible for Class members, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances presented here.

32. **Notice Plan (C.D. Cal. R. 23-2.2(g):** As was done in *Cole v. Wells Fargo, supra*, notice may be accomplished through a professional notice provider via direct mail to each PMA Package or Advantage Account holder as identified by the records of Wells Fargo. In general and unless other circumstances arise, Plaintiffs contemplate notice will

be sent out after class certification in order to give Class members the ability to opt out of the class, and again after settlement or trial to notify Class members of the outcome and any steps they must take for recovery of damages.

## V. FIRST CLAIM FOR RELIEF: VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT, Civil Code §1750 et seq.

33. Hughes, on his own behalf and on behalf of the proposed Nationwide Classes, realleges and incorporates paragraphs 1 through 32 of this Complaint.

34. Defendant Wells Fargo is a "person" within the meaning of Civil Code §1761(c).

35. Defendant Wells Fargo offers "services" within the meaning of Civil Code §1761(b).

36. Defendant Wells Fargo has engaged in the following violations of the Consumer Legal Remedies Act:

(A) Civil Code § 1770(5): Representing that goods or services have characteristics and benefits they do not have. Wells Fargo induced Hughes and other Class members to maintain a monthly cumulative balance in their PMA Package linked accounts and accounts linked to an Advantage Account and in exchange Wells Fargo agreed to waive monthly fees but failed to do so;

(B) Civil Code § 1770(7): Representing that services meet a particular standard, quality or grade when they do not. Wells Fargo advertised its PMA Package and Advantage Account linkage services to Hughes and other Class members as superior to other services offered by Wells Fargo and other banks when they were not;

(C) Civil Code § 1770(9): Advertising goods or services with intent not to sell them as advertised. Wells Fargo induced Hughes and other Class members to open and maintain PMA Packages and Advantage Accounts through advertising that it would waive monthly fees in exchange for the maintenance of certain monthly balance amounts. This advertising was not true. In fact, Wells Fargo

actually charges monthly fees regardless of the collective minimum balances in linked PMA Package and Advantage Accounts; and

  (D) Civil Code § 1770(14): Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law. Wells Fargo misrepresented to Hughes and other Class members that they would not be charged a monthly service fee when their cumulative account balances in linked PMA Packages or Advantage Accounts met stated minimums, yet Wells Fargo charged monthly service fees anyway.

37. Hughes and Class members have suffered damage as a result of these unfair methods of competition and unfair and deceptive acts and practices.

38. Defendant will continue to violate the Consumer Legal Remedies Act, as specifically alleged in this Claim for Relief, unless enjoined by order of this Court.

39. Hughes has complied with Civil Code §1782 by sending a notice via certified mail return receipt requested to Defendant's principal place of business within California, and Defendant has not responded in the fashion specified by Civil Code §1782(c).

40. When contacted by defense counsel for Wells Fargo, in response to Plaintiff's Civil Code § 1782 notice, Plaintiff provided Wells Fargo with specific account numbers and redacted copies of account statements.

41. Hughes has further complied with Civil Code §1780(c) by filing concurrently with this Court an affidavit stating facts showing that the action has been commenced in a county that is a proper place for trial of this action.

## VI. SECOND CLAIM FOR RELIEF: VIOLATION OF CALIFORNIA'S GENERIC DECEPTIVE ADVERTISING LAW,
### Business and Professions Code §17500

42. Hughes, on his own behalf and on behalf of all Class members realleges and incorporates paragraphs 1 through 41 of this Complaint.

43. Defendant has made and disseminated untrue or misleading statements to the public of the State of California and disseminated from California untrue or misleading statements to the public of the other forty-nine United States with the intent directly or indirectly to perform services or to unfairly induce the public to enter into an obligation. Defendant knew or should have known by the exercise of reasonable care that these statements were untrue or misleading. These material statements include the following:

    A.    That customers who agreed to accept linked services through Wells Fargo's PMA Packages and Advantage Accounts would not have to pay monthly service fees on linked accounts provided they maintained combined minimum balances. In fact, even though Wells Fargo had been a defendant in an earlier Class Action relating to improper fees on lines of credit within PMA Packages, Wells Fargo nonetheless continued to unfairly charge fees to Hughes and other Class members who maintain the required combined minimum balances.

44. Relying upon this representation, Hughes and the other Class members have suffered injury in fact and economic loss. Hughes and the other Class members are entitled to restitution of all improperly charged service fees imposed by Wells Fargo in an amount to be determined at trial.

45. Hughes and the other Class members are entitled to an injunction prohibiting Wells Fargo from continuing to make further untrue and misleading statements related to its monthly fees for PMA Packages and Advantage Accounts as described herein. Defendant will continue to make these untrue and misleading statements unless enjoined by order of this Court.

## VII. THIRD CLAIM FOR RELIEF: VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION ACT,
### Business and Professions Code §17200

46. Hughes, on his own behalf and on behalf of all Class members, realleges and incorporates paragraphs 1 through 45 of this Complaint.

47. Defendant Wells Fargo has engaged in unlawful business acts and practices in violation of Business and Professions Code §17200. These include:

    A.    Those violations of the Consumer Legal Remedies Act as alleged in the First Claim for Relief of this Complaint; and

    B.    Those untrue and misleading statement as alleged in the Second Claim for Relief of this Complaint.

48. As a result of these violations, Hughes and the other Class members have suffered injury in fact and economic loss. They are entitled to restitution of all improper fees imposed by Wells Fargo in an amount to be determined at trial.

49. Hughes and the other Class members are entitled to an injunction prohibiting Wells Fargo from continuing to make further untrue and misleading statements related to its monthly fees for PMA Packages and Advantage Accounts as described herein. Defendant will continue to engage in such unlawful acts and practices and make such untrue and misleading statement unless enjoined by order of this Court.

## VIII. FOURTH CLAIM FOR RELIEF: BREACH OF CONTRACT

50. Hughes, on his own behalf and on behalf of all Class members, realleges and incorporates paragraphs 1 through 49 of this Complaint.

51. Wells Fargo breached its written and oral contracts with Hughes and each Class member by which it agreed not to charge monthly fees if Hughes and the other Class members maintained certain combined minimum balances in all linked accounts of PMA Packages or Advantage Accounts.

52. As a result of Wells Fargo's breach of contract, Hughes and the other Class members have been damaged in an amount to be proven at trial.

## IX. FIFTH CLAIM FOR RELIEF: UNJUST ENRICHMENT

53. Hughes, on his own behalf and on behalf of all Class members, realleges and incorporates paragraphs 1 through 52 of this Complaint as though fully set forth herein.

54. By committing the actions herein alleged, Wells Fargo unjustly received monies and benefits and wrongfully accepted and retained those benefits to the detriment of Hughes and the other Class members.

55. Defendant's enrichment at the expense of Hughes and the other Class members is unjust. It is unconscionable for Defendant to retain those monies received, any interest thereon, and any proceeds therefrom.

56. Hughes and the other Class members are entitled to a return or refund of all amounts they have paid Defendant for improper and undisclosed charges plus any interest or any proceeds earned on those monies.

## X.     PRAYER FOR RELIEF

WHEREFORE, Hughes, on behalf of himself and all others similarly situated, prays for relief as follows:

A. An order certifying the proposed nationwide Classes under CR 23 and appointing Hughes and his counsel of record to represent the Classes;

B. Actual damages.

C. Punitive damages.

D. Return or refund of all amounts paid to Defendant for improper service fees;

E. Attorneys' fees and costs of suit, including expert-witness fees and prejudgment interest;

F. Injunctive relief in accordance with Plaintiff's First, Second, and Third Claims for Relief; and

G. Such other relief as this Court may deem just and proper.

//

Dated: January 13, 2010

TOUSLEY BRAIN STEPHENS PLLC

Mary B. Reiten, Esq. (State Bar No. 203412)
Email: mreiten@tousley.com
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Telephone: (206) 682-5600
Facsimile: (206) 682-2992

IVES, KIRWAN & DIBBLE, A.P.C.

Christopher Grivakes, Esq. (State Bar No. 127994)
Email: cg@ikdlaw.com
Jerry Smilowitz, Esq. (State Bar No. 67582)
Email: js@ikdlaw.com
660 S. Figueroa Street, Suite 1990
Los Angeles, California 90017
Telephone: (213) 627-0113
Facsimile: (213) 627-1545

By _____
Christopher Grivakes
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Jacqueline Nyguen and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

`CV10- 239 JHN (MANx)`

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Christopher Grivakes, Esq. (State Bar. No. 127994)
Email: cg@ikdlaw.com/ Tel: (213) 627-0113
IVES, KIRWAN & DIBBLE, APC
660 S. Figueroa St., Ste. 1990
Los Angeles, CA 90017

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MICHAEL HUGHES, a California resident, on behalf of himself and all others similarly situated,

PLAINTIFF(S)

v.

WELLS FARGO BANK, N.A., a national association,

DEFENDANT(S).

CASE NUMBER

CV10- 00239 JHN (MANx)

**SUMMONS**

TO:   DEFENDANT(S): WELLS FARGO BANK, N.A.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Christopher Grivakes_, whose address is _660 S. Figueroa St., Ste. 1990, Los Angeles, CA 90017_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: January 13 2010

By: _MARILYN DAVIS_
Deputy Clerk
(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MICHAEL HUGHES a California resident on behalf of himself and all others similarly situated

**DEFENDANTS**
WELLS FARGO BANK, N.A., a national association

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Christopher Grivakes, IVES, KIRWAN & DIBBLE, 660 S. Figueroa St. Ste. 1990, L.A., CA 90017, (213) 627-0113; Mary Reiten, TOUSLEY BRAIN STEPHENS, PLLC, 1700 Seventh St., Seattle, WA 98101, (206) 682-5600

**Attorneys (If Known)**

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No       ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 890 Other Statutory Actions | ☑ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 865 RSI (405(g)) |
| | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number:   **CV10-00239**

---

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_   Date January 12, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |