UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HUGHES, a California resident, on behalf of himself and all others similarly situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>WELLS FARGO BANK, N.A. a national association,<br><br>          Defendant. | Case No.:  CV10-00239-JHN (MANX)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE STIPULATION OF THE PARTIES** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order, filed on November 22, 2010, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court **except to the extent, as set forth below, that those terms have been modified by the Court's amendment of Paragraphs 6, 7, 9, 10, 12(d), 16, 17, and 18.**

The parties are expressly cautioned that the designation of any information, document, or thing as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or other designation(s) used by parties does not, in and of itself,

1   create any entitlement to file such information, document, or thing, in whole or in
2   part, under seal.  Accordingly, reference to this Order or to the parties' designation
3   of any information, document, or thing as "CONFIDENTIAL" or
4   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or other designation(s) used
5   by parties is wholly insufficient to warrant a filing under seal.

6

7           There is a strong presumption that the public has a right of access to judicial
8   proceedings and records in civil cases.  In connection with non-dispositive motions,
9   good cause must be shown to support a filing under seal. The parties' mere
10  designation of any information, document, or thing as "CONFIDENTIAL" or
11  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or other designation(s) used
12  by parties does not — without the submission of competent evidence, in the form of
13  a declaration or declarations, establishing that the material sought to be filed under
14  seal qualifies as confidential, privileged, or otherwise protectable — constitute
15  good cause.

16

17          Further, if sealing is requested in connection with a dispositive motion or
18  trial, then compelling reasons, as opposed to good cause, for the sealing must be
19  shown, and the relief sought shall be narrowly tailored to serve the specific interest
20  to be protected.  *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th
21  Cir. 2010).  For each item or type of information, document, or thing sought to be
22  filed or introduced under seal in connection with a dispositive motion or trial, the
23  party seeking protection must articulate compelling reasons, supported by specific
24  facts and legal justification, for the requested sealing order.  Again, competent
25  evidence supporting the application to file documents under seal must be provided
26  by declaration.

27

28

Any document that is not confidential, privileged, or otherwise protectible in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectible portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## <u>TERMS OF THE STIPULATED PROTECTIVE ORDER</u>

1.    <u>Application.</u>  This Protective Order shall apply to (i) all documents, information, or other materials produced in discovery in this case or disclosed by any party or third-party to another party, formally or informally, and (ii) all documents, information, or other materials submitted in support of a motion before the court by any party or third-party ("Producing Party"), that shall have been designated by any party in this case or by any third-party ("Designating Party") as "Confidential" or "Confidential – Attorneys' Eyes Only."   All documents, information, or other materials marked "Confidential" or "Confidential – Attorneys' Eyes Only" by a Designating Party, and all documents, information, or other materials derived from or in any way reflecting such "Confidential" or "Confidential – Attorneys' Eyes Only" documents, information, or other materials, and all copies, photographs, excerpts, and summaries thereof, as well as testimony and oral conversation derived from such documents, information, or other materials, shall be referred to collectively in this Protective Order as "Confidential Material."  This Protective Order is entered into for the purposes of expediting this case, facilitating the production and/or submission of relevant documents and information by limiting and/or eliminating disputes over whether documents should be withheld from production on the basis of trade sensitivity, privacy, or confidentiality, and preserving and maintaining the confidentiality of certain

personal, confidential, commercially sensitive and proprietary documents and information produced in this action.

2. <u>Designating Confidential Material.</u>   Any party, or a third-party producer of documents, in accordance with this Protective Order and general principles of good faith, may designate as "Confidential" or "Confidential – Attorneys' Eyes Only" any documents, information, or other materials.

a. Any document, information, or other material designated "Confidential" may bear the label or stamp "Confidential" or other similar identifying label or stamp.  Any party may designate as "Confidential" any information in written, oral, or intangible form produced in this action that the party believes contains personal consumer or proprietary business information that has been preserved or maintained in a manner calculated to preserve its confidentiality, trade secrets, information subject to a legally protected right of privacy, or information that would reveal the party's confidential or proprietary research, development, financial or business information.   Information designated "Confidential" shall be designated in good faith and by appropriately labeling such documents "Confidential" without obstructing any mark or writing which appears on the original documents.

b. Any document, information, or other material designated "Confidential – Attorneys' Eyes Only" may bear the label or stamp "Confidential – Attorneys' Eyes Only" or other similar identifying label or stamp.  Any party may designate information as "Confidential – Attorneys' Eyes Only" when it believes that disclosure of such information to any party or a third-party could cause a competitive or financial injury.  If any party designates information in any form, including but not limited to written discovery answers, documents, and deposition testimony as "Confidential – Attorneys' Eyes Only", counsel for the party receiving such information agrees not to exchange, disclose, or otherwise share that information except as set forth in paragraph 7.  The parties, including their officers, directors,

employees, agents, and representatives, have no right to receive or review any information designated "Confidential – Attorneys' Eyes Only." Information designated "Confidential – Attorneys' Eyes Only" shall be designated in good faith and by appropriately labeling such documents "Confidential – Attorneys' Eyes Only" without obstructing any mark or writing which appears on the original documents.

           c.      Confidential Material may be so designated either at the time of production or within 30 days thereafter by provision of marked copies of previously produced documents to replace previously unmarked documents or by written designation of previously unmarked documents, information, or other material that are to be considered Confidential Material. A designation of Confidential Material after production of documents or provision of information shall specify with particularity which document(s) or information is being designated as "Confidential" or "Confidential – Attorneys' Eyes Only."

           d.      For purposes of this Protective Order, the term "documents," as used herein, is intended to be construed as broadly as allowable under Federal Rule of Civil Procedure 26(b), and shall include, but is not limited to, papers, photographs, films, recordings, memoranda, books, records, reports, accounts, e-mail, voicemail, communications of all types, and all retrievable information in computer storage.

           3.      <u>Material Received from Third-Parties.</u> Any party or its counsel that receives documents, information, or other material from a third-party—that is either responsive to a discovery request or may potentially be used by either party in the case—whether received pursuant to a subpoena or other request, formally or informally, shall, within 10 business days of receipt, provide such documents, information, or other material to the attorneys for the other parties in this case. Such other parties or their counsel shall have 30 days after receiving the materials to designate such documents, information, or other materials as Confidential Material under paragraph 2 above and subject to the terms of this Protective Order.

Any documents received from any third party shall be treated as Confidential Material until the earlier of the expiration of the 30 day period or written confirmation from the other party that they do not constitute Confidential Material.

4.   Deposition Testimony.  Deposition testimony, or any portions thereof, may be designated as Confidential Material by any attorney for a party to this action before or during the deposition or within 30 days after the attorney's receipt of the transcript of the deposition.

5.   Limitations on Disclosure.

If a party is served with a subpoena, demand, or a court order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Confidential – Attorneys' Eyes Only" ("Subpoenaed Party"), that Subpoenaed Party must so notify the Designating Party, in writing (by fax or e-mail, if possible) immediately and in no event more than three court days after receiving the subpoena, demand, or order.  Such notification must include a copy of the subpoena, demand, or order.

The Subpoenaed Party also must inform in writing, within a reasonable period of time, the party who caused the subpoena, demand, or order to issue in the other litigation that some or all of the material covered by the subpoena, demand, or order is the subject of this Protective Order.  In addition, the Subpoenaed Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Producing Party and Designating Party in this case an opportunity to try to protect their confidentiality interests in the court from which the subpoena, demand, or order issued.  The Producing Party and Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Confidential Material, and nothing in these

1  provisions should be construed as authorizing or encouraging a Subpoenaed Party

2  in this action to disobey a lawful directive from another court.

3      6.    Permitted Disclosures of Material Marked "Confidential".  Subject to

4  the terms of this Protective Order, a party or its counsel may disclose Confidential

5  Material designated as "Confidential"—including any documents, information,

6  photocopies, testimony, or other material derived from or reflecting such

7  Confidential Material designated "Confidential"—to **the Court and its personnel,**

8  **any trial juror and** the following persons only, who shall use such documents and

9  the information contained therein solely in the prosecution or defense of this case

10  and for no other litigation, business or other purpose:

11          a.    attorneys for the parties, including outside and in-house counsel, as
12               well as all clerical staff, administrative assistants, and paralegals
                 working with such attorneys;

13          b.    the parties, including any officers, directors, employees, or former
14               employees, of the party or its counsel, if such persons are actively
15               engaged in connection with, or who are making decisions with
                 respect to, the preparation for and trial of this matter (for the
16               purposes of this Protective Order, "party" shall include any parent
17               entity of any party in the above-captioned lawsuit);

18          c.    court reporters who are engaged in connection with the
                 administration of, preparation for and trial of this matter;[1]

19          d.    independent experts and consultants and their employees or clerical
20               assistants who are employed, retained or otherwise consulted by the
21               counsel of record or a party for the purpose of analyzing data,
                 conducting studies or providing opinions to assist in any way in this
22               matter, only to the extent necessary for such expert or consultant to
23               perform his or her work in connection with this litigation, and only
                 after 14 days following the receipt by the Designating Party of
24               written notice containing (1) the identity of such individuals; (2) a
25               current resume or curriculum vitae for such persons; and (3) an
                 affidavit in the form attached to this Protective Order as Exhibit A;

26

27

28  [1] Such court reporters shall not be required to execute an affidavit, in the form
    attached to this Protective Order as Exhibit A, before disclosure is made to them.

e.   witnesses or potential witnesses currently not employed by either party, in preparation for giving testimony in this matter by deposition or at a hearing and/or trial relating to "Confidential" documents or who are believed to possess information deemed necessary for the prosecution or defense of this matter, provided that the witness or potential witness has executed an affidavit in the form attached to this Protective Order as Exhibit A;

f.   any person who otherwise would be entitled to review the "Confidential" documents, including auditors, as a result of contractual obligations, federal or state laws, or court orders; provided, however, that such "Confidential" documents will not be produced pursuant to a request for production of documents in any other litigation or action in the absence of an order requiring such production as provided under paragraph 5 above;

g.   employees of litigation support companies, including reproduction companies and imaging vendors; **and/or**

h.   other persons by the prior written consent of the Parties or their counsel or by Order of the Court.

7.   <u>Permitted Disclosures of Materials Marked "Confidential – Attorneys' Eyes Only"</u>.  Confidential Material designated as "Confidential – Attorneys' Eyes Only"—including any documents, information, photocopies, testimony, or other material derived from or reflecting such Confidential Material designated "Confidential – Attorneys' Eyes Only"—may be disclosed, summarized, described, revealed or otherwise made available only in accordance with the terms of this Protective Order, and only to the persons described in paragraphs 6(a), 6(b) (so long as those persons described in paragraph 6(b) are the Designating Party or Producing Party), 6(c) and 6(g) of this Protective Order.  **Other than the Court and its personnel,** no other persons or entities shall receive, view, or otherwise access Confidential Material designated as "Confidential – Attorneys' Eyes Only" for any other purpose absent an express court order directing or permitting such disclosure.

8.   <u>Disclosure to Additional Persons.</u>  No party shall disclose Confidential Material to any person other than as provided in paragraphs 6 and 7 of this

Protective Order. However, if counsel shall hereafter desire to give, show, make available or communicate Confidential Material to any person not referred to in paragraphs 6 and 7 or above, counsel shall notify the counsel for the Designating Party in writing of the proposed use or disclosure and shall specify the name, occupation and address of the person to whom disclosure is proposed, the reason for the proposed disclosure, and a description of the documents or information to be disclosed. Within 7 days following receipt of said notice, counsel for the Designating Party shall notify the counsel who proposed to disclose Confidential Material to a person not identified in paragraphs 6 and 7 above in writing of any objection and the grounds therefore, and, if such objection(s) are not resolved on an informal basis, shall promptly submit such objection(s) to the Court for ruling. There shall be no disclosure of Confidential Material pending notice and resolution of any objection either on an informal basis or by a ruling of the Court.

9. <u>Acknowledgements.</u> Confidential Material designated as "Confidential" shall not be given, shown, made available, discussed or otherwise communicated to anyone other than **the Court and its personnel,** the attorneys of record and in-house counsel and persons specified in paragraph 6(b) without first informing him or her of the contents of this Protective Order. In the case of the persons specified in paragraph 6(d) through paragraph 6(f), as applicable, counsel shall obtain from such person a signed acknowledgment, in the form attached hereto as Exhibit A prior to the disclosure, discussion or other communication of any Confidential Material designated as "Confidential." Counsel making such disclosure shall retain the original acknowledgments described hereinabove, together with the full names and addresses of each signer for a period of 60 days following the entry of a final and unappealable order resolving this litigation. Within 60 days after final resolution of this litigation as to the parties, counsel making such disclosure shall provide, if requested by the Designating Party, to counsel for the Designating Party all signature pages and acknowledgments.

10. <u>Use of Confidential Material During Depositions.</u>   Confidential Material designated "Confidential" may be referred to in the course of depositions, or made exhibits to depositions, and the deponent, all counsel, and other persons present at the deposition, or who review the transcript thereof, **with the exception of the Court and its personnel,** shall be informed of and be bound by the terms of this Protective Order.   Documents and information designated as "Confidential – Attorneys' Eyes Only" may not be used or referred to in the course of depositions absent an agreement between the parties or a court order expressly permitting such use.

11. <u>Use of Confidential Material in Court Papers.</u>  If a party wishes to use material designated as "Confidential" to support or oppose a motion or at trial, the following procedures shall apply:

   a.   The party submitting the material to support or oppose a motion or at trial shall adhere to all requirements set forth in Local Rule 79-5;

   b.   If the party submitting the material is not the Designating Party or Producing Party, then the Designating Party and Producing Party shall make the showing required by Local Rule 79-5 in its response to the motion or at trial;

   c.   The Clerk of the Court shall maintain the materials under seal until the Court rules on the motion to seal.

12. <u>Post-Litigation Duties of Counsel Receiving Confidential Material.</u> Unless the Court orders otherwise, within 30 days after the conclusion of this litigation, every counsel who has received Confidential Material shall, upon request of the Producing Party:

   a.   return all documents, information, and other material designated "Confidential" or "Confidential – Attorneys' Eyes Only" to counsel for the Producing Party; and

   b.   deliver all documentary materials derived from or reflecting any such documents, information, and other material designated "Confidential" or "Confidential – Attorneys' Eyes Only" to counsel for the Designating Party OR destroy such documentary materials,

and notify counsel for the Designating Party in writing that such action has been taken; and

c.  provide counsel for the Designating Party all original executed affidavits required by paragraph 14 below, with a copy to counsel for the Producing Party (if different from the Designating Party); and

d.  inform counsel for the Producing Party and Designating Party in writing of the identity of any Confidential Material known to such counsel which has *not* been returned and/or destroyed in the manner required by this **Protective** Order, and the identity of any person who has failed to return each such confidential document and/or item of confidential information.

13.  <u>Notice of the Conclusion of Litigation.</u>  Within 21 days after the conclusion of this litigation, unless the Court orders otherwise, upon request by the Designating Party, counsel for any party who received Confidential Material shall send notices to all persons to whom such counsel provided Confidential Material under paragraphs 6(d) through 6(f) that the litigation has concluded.  The notices shall direct the recipient to return all Confidential Material in his/her possession, custody or control to his/her counsel in this case, or the party or counsel who provided such person with such Confidential Material.  All persons who receive a notice shall comply with the directions stated in the notice.  Copies of such notices shall be provided to counsel for the Designating Party and, upon request, filed with the Court.

14.  <u>Designation Disputes.</u>  If any party or its counsel objects to another party's designation of Confidential Material, it shall advise the Designating Party and the parties shall confer in a good-faith effort to eliminate the dispute as required by Local Rule 37-1.  If the parties are unable to resolve the issue, the objecting party may move the Court for an appropriate Order under Local Rule 37-2.  A dispute over the designation of Confidential Material shall not be grounds for delay of or refusal to permit discovery; provided, however, that until otherwise ordered by the Court, all of the materials as to which a dispute exists shall be treated as

labeled and subject to the provisions of this Protective Order.  The burden of establishing that documents, information or testimony has been properly designated as Confidential Material shall be upon the Designating Party at all times.

15.    This Protective Order shall be without prejudice to the right of the Parties or other persons to: (i) bring before the Court at any time the question of whether any particular document or information is properly designated as Confidential Information, or (ii) present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those specified herein.  This Protective Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Protective Order.  However, no modification of this Protective Order by the parties shall have the force or effect of a Court order unless the Court approves the modification.

16.    In the event of a disclosure of Confidential Information to a person not authorized to have had such disclosure made to him or her under the provisions of this **Protective** Order, the Party responsible for having made such disclosure shall immediately procure the return of the material, and inform Counsel for the Producing Person whose Confidential Information has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible Party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the Confidential Information occurs.

17.    Nothing in this **Protective** Order shall be construed to govern or affect the admissibility or use of any Confidential Information at trial or hearing in open court.

18.    <u>Miscellaneous</u>.

a.    The parties agree that this Protective Order may not be used in this or any other matter for any purpose against any party, except as may be necessary to enforce its terms.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

       b.     Nothing in this **Protective** Order shall prevent any interested member of the public **from challenging** the sealing of any document.  In the event of such a challenge, the Party asserting confidentiality shall have the burden of proving the propriety of that designation.

This Protective Order shall survive the termination of this action.

**IT IS SO ORDERED.**

DATED:  November 23, 2010

_Margaret A. Nagle_

              MARGARET A. NAGLE
     UNITED STATES MAGISTRATE JUDGE

## <u>EXHIBIT A</u>

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

MICHAEL HUGHES, a California resident, on behalf of himself and all others similarly situated,

              Plaintiffs,

      vs.

WELLS FARGO BANK, N.A. a national association,

           Defendant.

Case No.:  CV10-00239-JHN (MANX)

**ACKNOWLEDGMENT PURSUANT TO PROTECTIVE ORDER**

I _____, subject to the penalties for perjury, state the following:

1.    I have received and read, or been informed of, the Protective Order entered herein by the Court;

2.    I understand the terms thereof and agree to be bound thereby;

3.    I am aware that a violation of such Order may result in a finding of contempt of Court;

4.    I agree to submit to the personal jurisdiction of the United States District Court for the Central District of California, to permit the enforcement of the terms of this Protective Order; and

5.    Prior to signing this Acknowledgement, I had an opportunity to consult with an attorney of my choosing to discuss the terms of the Protective Order and my obligations thereunder.

_____
Signature               Date

_____
Print Name, Street Address, City, State, Zip Code